JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Palomar Excess & Surplus Insurance Company
3601 W. 76th Street, Ste. 450, Edina, MN 55435

**(b)** County of Residence of First Listed Plaintiff   **Hennepin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David E. Edwards
White and Williams LLP (215-864-7000)
1650 Market Street. Suite 1800. Phila.. PA  19103

## DEFENDANTS

Cazz's Tavern Inc.
1558-60 Haines Rd., Levittown, PA 19055

County of Residence of First Listed Defendant   **Bucks County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)

Brief description of cause:
Insurance coverage dispute

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
May 29, 2025

SIGNATURE OF ATTORNEY OF RECORD
David E. Edwards

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PALOMAR EXCESS & SURPLUS INSURANCE COMPANY**<br>3601 W. 76th Street, Suite 450<br>Edina, MN 55435 : : : : : |  |
| *Plaintiff,* : | Civil Action No. _____ |
| v. : |  |
| **CAZZ'S TAVERN, INC.; and CAZZ'S TAVERN, INC. d/b/a CAZZ'S SPORTS BAR a/k/a CAZZ'S SPORTS BAR & GRILLE**<br>1558-1560 Haines Rd.<br>Levittown, PA 19055 : : : : : : : |  |
| *Defendant.* : |  |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Palomar Excess & Surplus Insurance Company ("Palomar"), by and through its undersigned counsel, brings this action for declaratory relief pursuant to 28 U.S.C. § 2201 (the "Declaratory Judgment Act"), and states as follows:

### I.  INTRODUCTION

1.      Palomar seeks a declaration with respect to the rights, duties, and obligations of the parties under a commercial general liability insurance policy issued by Palomar to Cazz's Tavern, Inc. with respect to an incident in which the underlying claimant, Tyler Halstead ("Halstead" or "Underlying Plaintiff"), claims to have suffered injuries. Halstead contends that on July 30, 2025, while attempting to leave Cazz's Sports Bar a/k/a Cazz's Sports Bar & Grille he was sucker punched to the jaw from behind causing immediate and severe injury.

51823018v.1

-2-

2. On or about December 5, 2025, Halstead filed a civil tort action in the Court of Common Pleas of Philadelphia County, Pennsylvania, captioned *Tyler Halstead v. Cazz's Sports Bar, aka Cazz's Sports Bar & Grille and Chritopher P. Kuhn,* which was assigned Docket No. 251200950 (the "Underlying Action").

3. A true and correct copy of the Complaint in the Underlying Action is attached hereto at Exhibit A and incorporated herein by this reference.

4. Cazz's Tavern, Inc., d/b/a Cazz's Sports Bar ("Cazz's") provided notice of the complaint in the Underlying Action to Palomar on or about December 23, 2025, and requested that Palomar provide a defense for Cazz's in the Underlying Action pursuant to the liability policy issued by Palomar.

5. On January 21, 2026, Palomar, through its Third-Party Administrator Network Adjusters, Inc., responded to the tender and advised Cazz's of various provisions of the Palomar policy that limit coverage for any liability in the Underlying Action, notably a $50,000 limit being applicable to damages arising out of assault and/or battery. Palomar agreed to provide, and is providing, a defense to Cazz's in the Underlying Action.

6. The issue before this Court is the applicability of the $50,000 limited coverage for damages arising out of assault and/or battery for all claims asserted against Cazz's in the Underlying Action.

7. Cazz's asserts that it is entitled to the full limits of the Palomar policy, and not the $50,000 sublimit for assault and/or battery, because there are claims, it contends, that do not arise out of assault and/or battery, notwithstanding the allegations of the Complaint in the Underlying Action.

51823018v.1

8.      In light of the dispute over the limits available under the Palomar policy for the claims in the Underlying Action, Palomar brings this action for declaratory relief.  The relief requested will not impact the defense of Cazz's in the Underlying Action but will provide the parties to this action, as well as the other parties in the Underlying Action, the amount of insurance available for Cazz's if it is determined to be legally obligated to pay damages for the claims in the Underlying Action.

## II.    <u>JURISDICTION</u>

9.      Title 28 U.S.C. § 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the claim is between citizens of different states.

10.     Palomar is an Arizona corporation with its principal place of business in Edina, Minnesota.

11.     Upon information and belief, Cazz's is a Pennsylvania corporation with its principal place of business in Levittown, Pennsylvania.

12.     Complete diversity of citizenship exists between Palomar and Cazz's.  28 U.S.C. § 1332(a).

13.     Cazz's asserts that it is entitled to the full limits of the Palomar policy, which for purposes of "bodily injury" are $1,000,000 each "occurrence."  The amount in controversy, accordingly, exceeds $75,000.00.

14.     This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

51823018v.1

## III.   VENUE IS PROPER IN THIS COURT

15.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b).

16.     This action seeks a declaration with respect to the rights, duties, and obligations of the parties under an insurance policy issued by Palomar to Cazz's with respect to an incident that occurred in Levittown, Pennsylvania, and which is the subject of the Underlying Action filed in the Court of Common Pleas of Philadelphia County, Pennsylvania.

17.     At issue here is what limit is available for the claims in the Underlying Action, the $50,000 Assault and/or Battery Sublimit or the $1,000,000 each "occurrence" limit applicable to damages because of "bodily injury."

18.     Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Palomar's potential liability occurred in the Eastern District of Pennsylvania.

19.     Halstead's alleged injuries, the Underlying Action, the location of the property where the alleged injuries happened, and the place where the Palomar policy was issued to Cazz's occurred or are in this District.

20.     Further, Cazz's is subject to this Court's personal jurisdiction with respect to this action as the principal place of business of Cazz's is in this District.

21.     As such, venue also would be proper under 28 U.S.C. § 1391(b)(3).

## IV.   FACTS COMMON TO ALL COUNTS

### A.  Underlying Plaintiff's Allegations

22.     Halstead alleges claims against Cazz's and Christian P. Kuhn ("Kuhn") in his Complaint in the Underlying Action (*see* Exhibit A attached hereto).

23.     Halstead asserted in his Complaint:

-4-

6.  On July 30, 2025, at approximately 2:30 a.m., Plaintiff was a lawful patron at Cazz's Bar.

7.  While inside Cazz's Bar, Plaintiff was approached by Defendant Kuhn – who initiated a conversation regarding Plaintiff's former girlfriend.

8.  Specifically, Defendant Kuhn stated that she had previously broken Defendant Kuhn's nose, and that Defendant Kuhn had an issue with Plaintiff as a result thereof.

9.  Defendant Kuhn suggested speaking outside, and although Plaintiff was initially hesitant, he agreed to step outside briefly.

10. Outside, Defendant Kuhn continued the conversation aggressively but, when asked if he wanted to fight, responded negatively, shook Plaintiff's hand, and both individuals returned inside Cazz's Bar.

11. Approximately 30 to 45 minutes later, as Plaintiff and his companions attempted to leave Cazz's Bar through the takeout side exit, Plaintiff was suddenly pulled from behind by his shirt.

12. Defendant Kuhn, assisted by an individual identified as "Cazz" (who is believed to be an agent, employee, or representative of Cazz's Bar) held Plaintiff against his will.

13. While restraining Plaintiff, Defendant Kuhn and "Cazz" demanded that Plaintiff go to the outback or front of the premises (where surveillance cameras were inoperable) for the express purpose of engaging in a physical altercation – without recorded evidence.

14. Plaintiff refused, stating he had no desire to fight.

15. In response, Defendant Kuhn delivered a sudden, unprovoked sucker punch from behind to Plaintiff's jaw – causing him immediate and severe injury.

* * *

19. At all relevant times, Defendant Kuhn exhibited signs of visible intoxication – having been served alcoholic beverages despite such visible intoxication.

20. Cazz's Bar, through its agents and employees (including "Cazz") failed to intervene, prevent, or de-escalate the

-5-

51823018v.1

situation – instead actively participating in the restraint and encouragement of the assault.

\* \* \*

22.    The assault occurred on the premises of Cazz's Bar, within areas under its control, and was foreseeable given the bar's service of alcohol, lack of adequate security, and failure to monitor patron behavior.

\* \* \*

*See* Exhibit A.

24.    Halstead asserts three causes of action against Kuhn: Battery (Kuhn allegedly "made harmful and offensive physical contact with Plaintiff – by delivering a sucker punch to his jaw from behind."); Assault (Kuhn allegedly "placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact, by restraining him, threatening violence, and suggesting relocation to a camera-free area for a fight."); Intentional Infliction of Emotional Distress (Kuhn's alleged "conduct, including initiating a confrontation, restraining Plaintiff, threatening violence, and delivering a sucker punch was extreme, outrageous, and beyond the bounds of decency tolerated in a civilized society….").

25.    Underlying Plaintiff also asserts three causes of action against Cazz's: Negligence, Dram Shop Liability and Vicarious Liability.

26.    In the Negligence Count against Cazz's, Underlying Plaintiff asserts:

35.    Defendant, Cazz's Bar, owed Plaintiff (as both a business invitee and as a patron) a duty to maintain a safe premises, provide adequate security, monitor patron behavior, intervene in foreseeable altercations, and protect against known or foreseeable risks of harm from other patrons – including Defendant Kuhn.

36. Cazz's Bar breached this duty by:

51823018v.1

a.  Failing to implement or enforce adequate security measures, including functional surveillance cameras, in all areas of its premises;

b.  Allowing Defendant Kuhn to remain on the premises, despite showing signs of visible intoxication and aggressive behavior;

c.  Failing to intervene when Defendant Kuhn initiated the confrontation;

d.  Through its agent/employee, "Cazz," actively participating in restraining Plaintiff and encouraging relocation to an non-monitored area for violence;

e.  Failing to call law enforcement or eject Defendant Kuhn from its premises, despite the escalating situation; and

f.  Negligently supervising its employees and patrons.

37. These breaches were the direct and proximate cause of Plaintiff's injuries – as the assault was foreseeable, given the bar environment, alcohol service, and Defendant Kuhn's actions.

\* \* \*

27. In the Dram Shop Liability Count against Cazz's, Underlying Plaintiff asserts:

40. Pursuant to 47 P.S. §§ -493(1) and 4-497, Defendant, Cazz's Bar, as a liquor licensee, owed a duty not to furnish alcoholic beverages to visibly intoxicated persons – including Defendant Kuhn.

41. Cazz's Bar breached this duty by serving or permitting the service of alcoholic beverages to Defendant Kuhn, while he was visibly intoxicated.

42. Defendant Kuhn's visible intoxication contributed to his aggressive and violent behavior, directly causing the assault on Plaintiff.

\* \* \*

28. In the Vicarious Liability Count against Cazz's, Underlying Plaintiff asserts:

-7-

51823018v.1

45. At all relevant times, "Cazz" was an agent, servant, or employee of Defendant, Cazz's Bar, who was acting in the course and scope of his employment at Cazz's.

46. " Cazz" participated in restraining Plaintiff and encouraging the assault – constituting negligence, assault and/or battery.

47. Defendant, Cazz's Bar, is vicariously liable for "Cazz's" actions under the doctrine of respondeat superior.

\* \* \*

## B.  The Palomar Policy Issued To Cazz's

29.    Palomar issued commercial general liability policy no. PES-GL-01-1148 to Cazz's Tavern, Inc. for the period from February 17, 2025, to February 17, 2026 (the "Palomar Policy"). A true and correct copy of the Palomar Policy is attached hereto at Exhibit B and incorporated herein by this reference.

30.    Subject to its terms and conditions the Palomar Policy has a $1,000,000 each "occurrence" limit for "bodily injury." Form PGL 0200 0422.

31.    The Insuring Agreement for Commercial General Liability, Coverage Part A., provides in part that Palomar "will pay those sums the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Form CG 00 01 04 13 at p. 1 of 16.

32.    The Palomar Policy also contains Liquor Liability Coverage on Form CG 00 33 04 13.  The Insuring Agreement for Liquor Liability provides in part that Palomar "will pay those sums that the insured becomes legally obligated to pay as damages because of 'injury' to which this insurance applies if liability for such 'injury' is imposed on the insured by reason of selling, serving or furnishing of any alcoholic beverage." At p. 1 of 6.  The Liquor Liability Coverage is subject to a $1,000,000 each common cause limit.  Form PESIC-GL 00 38.

51823018v.1

33.    Added to the Palomar Policy is Endorsement PESIC-GL-0039 which amends both the Commercial General Liability Coverage and the Liquor Liability Coverage to provide "Assault and/or Battery Limited Liability Coverage."

34.    The Assault and/or Battery Limited Liability Coverage expressly excludes coverage under the Palomar Policy for, among other things, "bodily injury" arising from assault and/or battery, except as expressly provided for in the Endorsement. The Endorsement provides in part:

> Except as provided by this endorsement, this policy does not apply to "injury," "bodily injury," "property damage," "error or omission" or "personal and advertising injury" arising from:
>
> 1.    Assault and/or Battery committed by:
>
> **a.** Any insured;
> **b.** Any "employee" of any insured; or
> **c.** Any other person; or
>
> 2.    The failure to suppress or prevent Assault and/or Battery by any person in 1. above; or
>
> 3.    The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or
>
> 4.    The negligent:
>
> **a.** Employment;
> **b.** Investigation;
> **c.** Supervision;
> **d.** Hiring;
> **e.** Training;
> **f.** Monitoring;
> **g.** Reporting to the proper authorities, or failure to so report; or
> **h.** Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1. and 2. above.

51823018v.1

We will have no duty to defend any "suit" against you seeking "damages" as a consequence of any such injury unless coverage is provided by this endorsement.

35.    The Endorsement then provides coverage for, among other things, "bodily injury" arising out of assault and/or battery, but subject to a reduced limit of liability:

For the premium shown below, we agree to afford coverage with respect to **Assault and/or Battery Liability** only as indicated on this endorsement and subject to the provisions set forth in this endorsement at liability limits of $25,000 Each Event and $50,000 Aggregate unless otherwise stated below:

| LIMITS OF LIABILITY | | COVERAGE |
|---|---|---|
| $50,000 | Each Event | Assault and/or Battery Liability |
| $50,000 | Aggregate | |
| Included | TOTAL PREMIUM | |

36.    The Endorsement further provides in part that:

### 1. COVERAGES—ASSAULT AND/OR BATTERY LIABILITY

We will pay on your behalf all sums which you shall become legally obligated to pay as "damages" because of "injury," "bodily injury," "property damage," "error or omission" or "personal and advertising injury" to any person arising out of Assault and/or Battery that takes place during the policy period.

We will have the right and duty to defend any suit against you seeking such "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this endorsement has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

37.    To the extent that coverage does exist under the Palomar Policy for assault and/or battery, such coverage is limited to $50,000 per Event and in aggregate.

38.    An "Event" is defined in the Endorsement to mean: "an act or series of acts based on or arising out of the same assault or battery."

### C.  The Tender of the Underlying Action and Palomar's Reservation Of Rights

39.    Notice of the claim was provided to Palomar on December 23, 2025.

-10-

51823018v.1

40.    On January 21, 2026, Palomar, through its Third-Party Administrator issued a Reservation of Rights letter to Cazz's in which Palomar acknowledged its obligation to provide a defense for the claims in the Underlying Action but noted, in part, that its potential indemnity obligation was limited to the $50,000 Assault and/or Battery Liability limit.

41.    Palomar continues to provide a defense for Cazz's in the Underlying Action.

42.    Cazz's, through its counsel, by e-mail dated April 2, 2026, disputed Palomar's coverage determination, claiming that the Assault and/or Battery Limit should not apply to the claims in the Underlying Action.

43.    By letter dated April 14, 2026, Palomar, through counsel, responded to Cazz's counsel, stating why his interpretation of the Assault and/or Battery Limited Liability Coverage was erroneous and Cazz's effort, to evade the Palomar Policy's exclusion for assault and/or battery, except for the $50,000 in coverage provided in the Endorsement, was misplaced.

44.    An actual, present, and *bona fide* controversy exists between Palomar and Cazz's concerning their respective rights, duties, and obligations.

45.    The coverage issues under the Palomar Policy at issue in this action will not be determined in the Underlying Action.

## COUNT I - DECLARATORY JUDGMENT
### (Declaration of the Parties Rights and Obligations)

46.    Palomar realleges and incorporates by reference each of the foregoing paragraphs above as though fully set forth herein.

47.    The injuries claimed by Halstead in the Underlying Action all arise out of the alleged restraint of him and "unprovoked sucker punch from behind to Plaintiff's jaw" (*see* Underlying Complaint ¶¶ 15, 36, 46) and failing to suppress or prevent the assault and/or battery on him (*see* Underlying Complaint ¶¶ 20, 22, 35, 36, 37, 42).

-11-

48.     Under Pennsylvania law, the phrase "arising out of" or "arising from" requires only *but for* causation. *Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc.*, 118 F.4th 567, 576 and n. 11 (3d Cir. 2024); *see also Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 110 (Pa. 1999) ("arising out of" is not ambiguous and indicates but for causation); *McCabe v. Old Republic Ins. Co.*, 228 A.2d 901, 903 (Pa. 1967) ("arising out of" means causally connected and not proximately caused). "But for" causation requires only a minimal connection. "'[B]ut for' causation sets a low bar: it 'is a de minimis standard of causation, under which even the most remote and insignificant force may be considered the cause of an occurrence.'" *Dundon v. Ace Prop. & Cas. Ins. Co.*, 2026 U.S. Dist. LEXIS 27567, at *47 (E.D. Pa. Feb. 10, 2026).

49.     Here, the complaint in the Underlying Action specifically alleges that Cazz's is both directly liable for the assault and/or battery on Halstead and vicariously liable for "Cazz's" actions in restraining Halstead and encouraging the attack on him.

50.     Cazz's is alleged to have failed to have adequate security and take appropriate actions to suppress or prevent the assault and/or battery. Cazz's is further alleged to have overserved Kuhn such that he assaulted Halstead. And Cazz's is alleged to be responsible for its employee's/agent's participation in the assault.

51.     The damages sought by Halstead are for the injuries to his jaw resulting from the assault and/or battery on him.

52.     The Palomar Policy excludes coverage for an assault and/or battery by any person, the failure to suppress or prevent an assault and/or battery and the selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery.

53.     The Palomar Policy provides limited coverage -- $50,000 -- for this otherwise excluded conduct, as well as a defense to Cazz's, which Palomar is providing.

-12-

54.     The damages sought in the Underlying Action are excluded by the assault and/or battery exclusion with coverage then restored up to $50,000.

55.     This Court should declare the rights, duties and obligations of the parties with respect to the Palomar Policy for the claims asserted in the Underlying Action.

**WHEREFORE,** Palomar demands judgment be entered in its favor and against Cazz's and prays that the Court declare:

a.  The rights, duties, and obligations of the parties hereto under the law, contract, and facts herein;

b.  That the maximum limit of liability available under the Palomar Policy. for any damages that Cazz's is legally obligated to pay in the Underlying Action, or by way of settlement, is $50,000 as provided in the Assault and/or Battery Limited Liability Coverage;

c.  That Palomar is awarded its costs of suit and such other and further relief as may be just, fitting and proper.

Dated:  May 29, 2026                              Respectfully submitted,

                                                  **WHITE AND WILLIAMS LLP**


                                          By:     _/s/ David E. Edwards_
                                                  David E. Edwards, ID #67961
                                                  1650 Market Street
                                                  One Liberty Place, Suite 1800
                                                  Philadelphia, PA 19103
                                                  (215) 864-7000
                                                  edwardsd@whiteandwilliams.com

                                                  *Attorneys for Plaintiff,*
                                                  *Palomar Excess & Surplus Insurance*
                                                  *Company*

-13-

51823018v.1

10/2024

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: ___Levittown, PA___

---

***RELATED CASE IF ANY:*** Case Number: ___N/A___    Judge: _____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.